Marc J. Randazza, NV Bar # 12265
Alex J. Shepard, NV Bar # 13582
RANDAZZA LEGAL GROUP, PLLC
4035 S. El Capitan Way
Las Vegas, NV 89147
Telephone: 702-420-2001
Facsimile: 305-437-7662
ecf@randazza.com

Attorneys for Plaintiff,
William Deans

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WILLIAM DEANS, an individual,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>LAS VEGAS CLARK COUNTY LIBRARY DISTRICT; RONALD R. HEEZEN, (in his official capacity); COLLEGE OF SOUTHERN NEVADA; ANTONIA MARIE SUMMERLIN (Badge No. 228) (in her personal and official capacity); RANDALL PERKINS (Badge No. 104) (in his professional capacity); JANE DOE; JOHN ROE; and JANE POE,<br><br>　　　　Defendants. | Case No.<br><br>**VERIFIED 42 U.S.C. § 1983 COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

　　　Plaintiff William Deans brings this Complaint for injunctive relief, declaratory relief, and damages.  This is an action under 42 U.S.C. § 1983 to address the unconstitutional prior restraint issued by Defendants against Plaintiff as well as the violations of Plaintiff's First Amendment rights to petition and freedom of expression.  Based on the clear constitutional violations and Defendants' willful and deliberate violations of the law, Plaintiff seeks a permanent injunction, declaratory relief, and should be awarded damages, costs, attorneys' fees, and any other relief to which he is entitled as a victim of civil rights violations.

## 1.0 INTRODUCTION

1. Plaintiff William Deans was exercising his First Amendment Right to engage in political speech by obtaining signatures for a petition to place The Automatic Voter Registration Initiative on the ballot in Nevada and by instructing his fellow citizens as to how to register to vote prior to the October 18, 2016 deadline.

2. He did this at the West Charleston Public Library, a public library located at the College of Southern Nevada, where many civically-minded citizens come to educate themselves.

3. Rather than Defendants encouraging this activity, they told Plaintiff that he had to "register" with them before he could engage in this protected activity of gathering signatures and advocating to other citizens that they should register to vote, and instructing them as to how to do so.

4. When Plaintiff rightfully pointed out that he had a First Amendment Right to engage in this activity, Defendant Summerlin, personally, and acting in her official capacity, threatened Mr. Deans with arrest if he did not leave the premises immediately.

5. Plaintiff did ultimately leave the premises in response to this threat of arrest, but that was not enough for Defendants. They also issued Plaintiff a "Notice of Trespass" requiring him to leave the West Charleston Library and forbidding him from visiting **any** branch of the Las Vegas-Clark County Library District (hereinafter, "LVCCLD") for a period of at least **one year**. Mr. Deans is therefore, at this time, subject to arrest if he visits *any* branch of the LVCCLD, whether to check out books, whether to simply observe the activities there, or whether he wishes to advocate for voter registration outside the library.

6. There is nothing remotely lawful about what Defendants have done to Plaintiff. They have chilled speech at the core of the First Amendment and

imposed a blatantly unconstitutional prior restraint on Plaintiff from attempting to educate the voting public. They should be permanently enjoined from further infringing Plaintiff's constitutional rights, made to pay damages for the violations that have already occurred, and made to pay attorneys' fees to compensate Plaintiff for the expense of vindicating his constitutional rights.

## 2.0   JURISDICTION AND VENUE

7.   This Court has original subject matter jurisdiction over the federal Constitutional violations alleged in this Complaint pursuant to the provisions of 42 U.S.C. § 1983 and 28 U.S.C. § 1331 & 1343. This Court has jurisdiction to issue injunctive and declaratory relief pursuant to 28 U.S.C. § 2201 and 42 U.S.C. § 1983.

8.   Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391. All Defendants reside in Nevada, and all actions pertinent to this complaint occurred in Clark County, Nevada.

## 3.0   THE PARTIES

9.   Plaintiff William Deans is a resident of the State of Pennsylvania. He is a civically concerned individual who, periodically over the past 10 years, has spent significant time circulating petitions. At the time of Defendants' unlawful activities, he was circulating a petition, filed with the State of Nevada, for placing a measure on ballots in Nevada providing for the automatic registration of eligble voters, and instructing citizens on their right to register to vote and instructing them as to how he they could do so.

10.   Defendant Las Vegas Clark County Library District ("LVCCLD") is a public entity that provides library facilities and library services to the Las Vegas metropolitan area.

11.   Defendant Ronald R. Heezen is the director of LVCCLD. He is sued here in his official capacity.

12. Defendant Antonia Marie Summerlin is a University Police Officer with Defendant College of Southern Nevada. She is sued here in her personal and professional capacity.

13. Defendant College of Southern Nevada ("CSN") is a public entity and provides educational facilities and educational services in Clark County, Nevada.

14. Defendant Randall Perkins is a University Police Lieutenant with CSN. He is sued here in his official capacity.

15. Defendants Jane Doe, John Roe, and Jane Poe are employees of LVCCLD who at all relevant times worked as staff at the West Charleston Public Library. Mr. Deans will uncover their identities through the course of discovery and amend this Complaint to provide their true names. They are sued in their personal and professional capacities.

### 4.0   STANDING

16. Plaintiff is directly affected by Defendants' unlawful activities because he is the direct target of Defendants' unlawful prior restraint against his petitioning activities.

17. Defendants' activities have caused a violation of Plaintiff's rights under the U.S. and Nevada Constitutions. Thus, the requirements for Article III standing have been met.

### 4.0   FACTS COMMON TO ALL CLAIMS

18. On October 13, 2016, outside the West Charleston Public Library (the "Library") in Las Vegas, Nevada, Mr. Deans circulated a petition for the automatic registration of eligible voters on the ballot in Nevada.

19. Plaintiff circulated this petition to several individuals at this location, and additionally both encouraged people to register to vote in Nevada and

provided instructions on how they could register to vote prior to the October 18, 2016 deadline.

20. While engaging in this activity, Mr. Deans positioned himself in a way that allowed him to interact with individuals coming into and out of the Library, but without blocking anyone's ingress or egress from the Library.

21. Mr. Deans has experience with collecting signatures for petitions in front of libraries.  He would generally collect around 150 signatures per day in places with comparable pedestrian traffic to the Library, and instruct around 25 people who were not registered to vote on how to register to vote.

22. Not long after he began this protected political activity, Jane Doe, an employee of the Library, informed Mr. Deans that he could neither collect signatures nor instruct citizens about how to register to vote, unless he "registered" himself.

23. When Mr. Deans refused to submit to this unconstitutional prior restraint licensing scheme, Defendants John Roe and Jane Poe, also employees of the Library, spoke with him.

24. Defendant Roe instructed Mr. Deans that he had to relocate to a specific spot within the circular entry plaza of the Library that had little to no foot traffic.

25. Defendant Poe then told Mr. Deans that he had to register with LVCCLD and relocate to the spot designated by Defendant Roe.

26. After Mr. Deans told Defendants Doe, Roe, and Poe that his activity was protected under the First Amendment, they called the police.

27. Within 30 minutes, Officer Summerlin, as well as other officers, arrived – more swiftly than the Police respond to reports of violent crime in this County.

28. Defendant Summerlin approached Mr. Deans and stated that she was acting in her official capacity as a representative of Defendant LVCCLD.

29. Defendant Summerlin falsely claimed that Mr. Deans was obstructing the entrance to the Library and that he had to leave the premises.

30. Defendant Summerlin informed Mr. Deans that he could engage in his political activism only if he did so in the designated spot, which would be so far away from any passersby, that he would be unable to communicate with them.

31. Plaintiff informed Defendant Summerlin that he had a First Amendment right to be there and to engage in peaceful advocacy, and that he did not need to register to circulate political petitions.

32. Defendant Summerlin then issued Plaintiff a "Notice of Trespass" which forbids him from visiting **any** branch of the LVCCLD for at least one year. She additionally told Plaintiff that he would be arrested if he at any point entered the premises of any branch of the LVCCLD while the Notice of Trespass was still in effect.

33. Plaintiff at no point obstructed the entrance to the library or otherwise obstructed anyone's use of the library's facilities nor was he ever in any way disruptive or threatening to anyone – thus there was no justification for removing him, issuing him a trespass notice, or putting an end to his First Amendment protected activity.

34. The CSN officers informed Plaintiff that he would be arrested if he did not leave the West Charleston Library premises.

35. In response to this threat, Plaintiff left the Library and lodged a complaint of officer misconduct with the CSN Police Department.

36. After lodging this complaint, Plaintiff received a phone call from Defendant Randall Perkins.

37. During this phone call, Perkins told Plaintiff that he was conducting an investigation of his officers' conduct.

38. During this call, after being questioned by counsel, Perkins acknowledged that after his investigation was over, if he determined that there was no justification for the trespass notice, it would be lifted and Mr. Deans would be able to return to the Library.

39. During this call, Mr. Deans (through counsel) requested that Defendant Perkins lift the Trespass order until the investigation was complete.

40. Defendant Perkins refused to do so, but promised that he would complete his investigation by no sooner than 25 October 2016 and no later than 11 November 2016.

41. While this may seem like a reasonable amount of time, the deadline for voter registration is 18 October 2016 and the election is on 8 November 2016. Accordingly, this appeal of the trespass notice, at best, will not be complete until after the deadline to register to vote – and possibly not even until 3 days after the election is over. Accordingly, the process is the penalty, and restoring Mr. Deans' First Amendment rights after they are no longer relevant is no restoration at all.

42. Defendant Perkins additionally stated during his phone call that if the investigation was inconclusive, or if there were conflicting stories, that he would support his officers' decision to issue the Notice of Trespass.

### 5.0. CLAIMS FOR RELIEF

### 5.1  FIRST CLAIM FOR RELIEF
**Violation of the First Amendment to the United States Constitution under 42 U.S.C. § 1983**
**(Free Speech)**

34. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

35. Plaintiff alleges that Defendants' conduct of issuing a Notice of Trespass forbidding him from visiting any public library in Clark County for at least

one year due to his constitutionally protected petitioning activity is unconstitutional and violates his First Amendment rights to freedom of speech and expression, and freedom of petition.

36. Plaintiff alleges that Defendants' conduct of enforcing the unconstitutional Notice of Trespass is unconstitutional and violates his First Amendment rights to freedom of speech and expression, and freedom of petition.

37. Further, the administrative appeal process, by design, renders any administrative appeal meaningless.

38. Plaintiff has been injured, or reasonably fears imminent injury, by these constitutional violations, and Plaintiff is entitled to relief.

## 5.2  SECOND CLAIM FOR RELIEF
### Violation of Nevada Const., Art. 1, § 9.
### (Free Speech)

39. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

40. Plaintiff alleges that Defendants' conduct of issuing a Notice of Trespass forbidding him from visiting any public library in Clark County for at least one year due to his constitutionally protected petitioning activity is unconstitutional and violates his rights under Article 1, Section 9 of the Nevada Constitution.

41. Plaintiff alleges that Defendants' conduct of enforcing the unconstitutional Notice of Trespass is unconstitutional and violates his rights under Article 1, Section 9 of the Nevada Constitution.

42. Plaintiff has been injured, or reasonably fears imminent injury, by these constitutional violations, and Plaintiff is entitled to relief.

### 5.3   THIRD CLAIM FOR RELIEF
### Violation of the Fourteenth Amendment to the United States Constitution
### Under 42 U.S.C. § 1983
### (Substantive Due Process)

43. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

44. Plaintiff alleges that Defendants' conduct of issuing a Notice of Trespass forbidding him from visiting any public library in Clark County for at least one year due to his constitutionally protected petitioning activity is unconstitutional and violates his rights to due process of law under the Fourteenth Amendment.

45. Plaintiff alleges that Defendants' conduct of enforcing the unconstitutional Notice of Trespass is unconstitutional and violates his due process rights under the Fourteenth Amendment.

46. Plaintiff has been injured, or reasonably fears imminent injury, by these constitutional violations, and Plaintiff is entitled to relief.

### 5.4   FOURTH CLAIM FOR RELIEF
### Violation of Nevada Const., Art. 1, § 8
### (Substantive Due Process)

47. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

48. Plaintiff alleges that Defendants' conduct of issuing a Notice of Trespass forbidding him from visiting any public library in Clark County for at least one year due to his constitutionally protected petitioning activity is unconstitutional and violates his rights to due process of law under article 1, section 8 of the Nevada Constitution.

49. Plaintiff alleges that Defendants' conduct of enforcing the unconstitutional Notice of Trespass is unconstitutional and violates his due process rights under Article 1, Section 8 of the Nevada Constitution.

50. Plaintiff has been injured, or reasonably fears imminent injury, by these constitutional violations, and Plaintiff is entitled to relief.

### 5.5    FIFTH CLAIM FOR RELIEF
**Violation of the Fourteenth Amendment to the United States Constitution Under 42 U.S.C. § 1983**
**(Procedural Due Process)**

51. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

52. Plaintiff alleges that Defendants' conduct of issuing a Notice of Trespass forbidding him from visiting any public library in Clark County for at least one year due to his constitutionally protected petitioning activity is unconstitutional and violates his rights to due process of law under the Fourteenth Amendment.

53. Plaintiff alleges that Defendants' conduct of enforcing the unconstitutional Notice of Trespass is unconstitutional and violates his due process rights under the Fourteenth Amendment.

54. Further, the administrative review process promised by Defendant Perkins, in his official capacity, cannot possibly provide any meaningful relief.

55. Plaintiff has been injured, or reasonably fears imminent injury, by these constitutional violations, and Plaintiff is entitled to relief.

### 5.6    SIXTH CLAIM FOR RELIEF
**Violation of Nevada Const., Art. 1, § 8**
**(Procedural Due Process)**

56. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

57. Plaintiff alleges that Defendants' conduct of issuing a Notice of Trespass forbidding him from visiting any public library in Clark County for at least one year due to his constitutionally protected petitioning activity is unconstitutional and violates his rights to due process of law under article 1, section 8 of the Nevada Constitution.

58. Plaintiff alleges that Defendants' conduct of enforcing the unconstitutional Notice of Trespass is unconstitutional and violates his due process rights under article 1, section 8 of the Nevada Constitution.

59. Plaintiff has been injured, or reasonably fears imminent injury, by these constitutional violations, and Plaintiff is entitled to relief.

### 6.0   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully seeks judgment as follows:

A. A declaration that the Notice of Trespass issued by Defendants is unconstitutional under the First and Fourteenth Amendments of the United States Constitution, and article 1, sections 8 & 9 of the Nevada Constitution;

B. A declaration that Defendants' actions in enforcing the Notice of Trespass is unconstitutional under the First and Fourteenth Amendments of the United States Constitution, and article 1, sections 8 & 9 of the Nevada Constitution;

C. A preliminary and permanent injunction enjoining each Defendant from enforcing the Notice of Trespass against Plaintiff;

D. A preliminary and permanent injunction enjoining each Defendant from interfering with Plaintiff's right lawfully engage in constitutionally protected expression and activity within Clark County, Nevada.

E. Damages in an amount to be determined at trial;

1    F.    An award of attorneys' fees and expenses under 42 U.S.C. § 1988;
2          and
3    G.    Any further relief the Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Pursant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all causes of action.

Dated: 14 October 2016          Respectfully Submitted,

RANDAZZA LEGAL GROUP, PLLC

/s/ Marc J. Randazza
Marc J. Randazza, NV Bar # 12265
Alex J. Shepard, NV Bar # 13582
Randazza Legal Group, PLLC
4035 S. El Capitan Way
Las Vegas, NV 89147

Attorneys for Plaintiff,
William Deans

## VERIFICATION

I, WILLIAM DEANS, being first duly sworn, depose and say:

1. I am over the age of 18 years;
2. I am the Plaintiff in this action;
3. I have read the foregoing Verified Complaint and know the contents thereof; and
4. The foregoing Verified Complaint is true and correct to the best of my knowledge, information, and belief.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on this 14th day of October, 2016 at Las Vegas, Nevada.

_____
William Deans