| | |
|---|---|
| 1 | DENNIS L. KENNEDY |
| | Nevada Bar No. 1462 |
| 2 | KELLY B. STOUT |
| | Nevada Bar No. 12105 |
| 3 | **BAILEY✜KENNEDY** |
| | 8984 Spanish Ridge Avenue |
| 4 | Las Vegas, Nevada 89148-1302 |
| | Telephone: 702.562.8820 |
| 5 | Facsimile: 702.562.8821 |
| | DKennedy@BaileyKennedy.com |
| 6 | KStout@BaileyKennedy.com |
| 7 | *Attorneys for Defendants* |
| | LAS VEGAS-CLARK COUNTY LIBRARY DISTRICT |

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

WILLIAM DEANS, an individual,

        Plaintiff,

vs.

LAS VEGAS CLARK COUNTY LIBRARY DISTRICT,

        Defendant.

Case No. 2:16-cv-02405-APG-PAL

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

Plaintiff William Deans, by and through his counsel, Marc J. Randazza, D. Gill Sperlein, and Alex J. Shepard, of the law firm Randazza Legal Group, PLLC, and Defendant Las Vegas Clark County Library District, by and through its counsel, Dennis L. Kennedy and Kelly B. Stout, of the law firm Bailey✜Kennedy, hereby stipulate and agree, pursuant to Rules 26(c) and 29 of the Federal Rules of Civil Procedure and LR 7-1, that the disclosure, production, use, and handling of "Confidential Information," as that term is defined below, in connection with the above-captioned action, shall be governed by and subject to the terms and conditions of this Stipulated Confidentiality Agreement and Protective Order ("Protective Order").

For purposes of the Protective Order, Plaintiff and Defendant are each a "Party" (jointly, the "Parties"). Any reference to a Party, "person," or "non-party" means, unless otherwise indicated, a natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture,

wholly-owned direct or indirect subsidiary, division, affiliate, parent company, and any other form of business organization or arrangement, and includes the Party, person, or non-party's officers, directors, managers, members, employees, agents, representatives, shareholders, independent contractors, attorneys, accountants and all other persons over which the Party, person, or non-party has control or which act or purport to act on their behalf.

Any Party, person, or non-party producing or disclosing confidential documents, materials, items, or other information pursuant to the terms of this Protective Order is the "Producing Party," and the Party, person, or non-party receiving or being given access to confidential documents, materials, items, or other information pursuant to the terms of this Protective Order is the "Receiving Party."

**1.     Purposes and Limitations.**  Discovery in this case may involve the use, production, and disclosure of confidential, financial, proprietary, sensitive, personal, and/or private information for which special protection from public disclosure and from use for any purpose other than in prosecuting, defending, settling, or otherwise litigating this case, including any appeals, and/or for enforcing and/or collecting any judgment entered in this case, would be warranted and consistent with the public policy of this State.  The use, production, and/or disclosure of "Confidential Information," as this term is defined in Section 2, could severely injure or damage the Producing Party and place the Producing Party at a competitive disadvantage if accomplished in a manner or means inconsistent with the terms and conditions of this Protective Order.

Therefore, in the interest of expediting and facilitating discovery, permitting the same to proceed without delay occasioned by possible disputes regarding claims of confidentiality, and balancing the interests of the Parties, this Protective Order establishes a procedure for producing, disclosing, and using Confidential Information without involving the Court unnecessarily in the process; imposes obligations upon all Parties, persons, and non-parties receiving or given access to Confidential Information to protect it from unauthorized production, disclosure, and/or use; and establishes a procedure for challenging confidentiality designations or markings.

**2.     Confidential Information.**  "Confidential Information" means and includes any and all information, testimony, documents, materials, items, and things produced, disclosed, or otherwise

revealed in this case, including, but not limited to, all copies, excerpts, and summaries thereof, regardless of the medium or manner generated, stored, or maintained, including, but not limited to, testimony adduced at depositions upon oral examination or upon written questions, answers to interrogatories, answers to requests for admission, or other forms of discovery responses (collectively, the "Discovery Materials"), (i) which have not been made public; (ii) which constitute information deemed confidential by statute, non-public financial, and/or highly personal and sensitive information; (iii) which the Producing Party maintains in confidence; (iv) which the Producing Party in good faith believes constitutes Confidential Information; (v) which the Producing Party in good faith believes that the unprotected disclosure of which might result in economic or competitive injury and/or harm to or invasion of privacy rights of the Producing Party; and (vi) which cannot be ascertained from an inspection of publicly-available documents, material, or other devices.

**3.     Designation of Confidential Information.**  When the Producing Party produces, discloses, or otherwise reveals Confidential Information, it shall be clearly designated at the expense of the Producing Party as "CONFIDENTIAL – Subject to Court Order" and treated as confidential by the Receiving Party. The legend "CONFIDENTIAL – Subject to Court Order" shall be stamped or affixed to each page of the document, item, and/or materials to be designated, but it shall not obliterate or obscure any part of the text. A designation shall subject the document, item, and/or material, and its contents, to the terms and conditions of this Protective Order without any further act on the part of the person desiring confidentiality.

With respect to a multi-page document that contains Confidential Information, the designation should be made, to the extent possible, on each page of the document that contains the Confidential Information. The Producing Party shall, in good faith, designate as "CONFIDENTIAL – Subject to Court Order" only such Discovery Materials as reasonably require confidential treatment. If a document, material, item, or thing is stored electronically, or a confidential legend cannot otherwise by stamped or affixed upon it, the Producing Party may designate or mark the same as "CONFIDENTIAL – Subject to Court Order" by cover letter.

Any designation or marking under this Section shall take place prior to production or disclosure by the Producing Party; however, in the event that any Discovery Materials are made available for inspection by a Party, there will be no waiver of confidentiality by the inspection of such Discovery Materials by the inspecting Party before the same is copied and produced with a confidentiality designation by the Producing Party.

If the Producing Party determines that any Discovery Materials produced in the course of discovery in this action should have been, but was not, designated as Confidential Information as provided herein, it shall advise the Receiving Party of this fact in writing within 60 days of the production. Such notice shall be accompanied by substitute copies of the Discovery Material at issue, properly designated or marked as "CONFIDENTIAL – Subject to Court Order." The inadvertent failure of a Producing Party to designate any Discovery Materials as "CONFIDENTIAL – Subject to Court Order" shall not be deemed, by itself, in whole or in part, to be a waiver or impairment of any claim of the Producing Party's right to so designate such Discovery Materials.

Upon receiving notice from a Producing Party that any Discovery Materials have not been appropriately designated as "CONFIDENTIAL – Subject to Court Order," the Receiving Party shall promptly destroy or return the previously undesignated copies upon receipt of the substitute copies properly designated as "CONFIDENTIAL – Subject to Court Order." The Parties, persons, and/or non-parties who received or were given access to Confidential Information previously undesignated or unmarked shall treat the designated Discovery Materials as confidential, subject to their right to dispute such designation or marking as provided under Section 12 of this Protective Order. Disclosure by a Receiving Party to any other person or non-party of any unmarked or undesignated Confidential Information prior to later designation of the Discovery Materials by the Producing Party in accordance with this Protective Order shall not violate the terms of this Protective Order; however, written notice shall promptly be given to the other person or non-party of the confidentiality in accordance with Section 6 of this Protective Order.

If the Producing Party determines that any Discovery Materials that it previously designated as confidential do not qualify for such protection, it will promptly notify the Receiving Party and all

other parties that received or were given access to such information that it is withdrawing such confidential designation.

**4.    Use of Confidential Information Generally.**    The Parties, and the law firms appearing as their counsel in this case, may make such use of the Discovery Materials produced by the Parties or other persons subject to this Protective Order as the preparation of this case and trial may reasonably require.  The Parties, and the law firms appearing as their counsel in this case, may not use any Confidential Information obtained in discovery from another Party or non-party for any purposes other than this Lawsuit.  All Confidential Information designated or marked as provided herein shall not be disclosed to anyone other than those persons identified herein in Section 6, and they shall be handled in the manner set forth herein until such designation or marking is removed by the Producing Party or by Order of the Court.  The Receiving Party, or any person or non-party who receives or is given access to any Confidential Information under this Protective Order shall:

   a.    Store and maintain such Confidential Information in a secure and safe area and manner within their exclusive possession and control;

   b.    Exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as is exercised by the recipient with respect to its own Confidential Information;

   c.    Take all measures reasonably necessary to maintain the confidentiality of such information, documents, materials, items, and things; and

   d.    Not permit or participate in the unauthorized production, disclosure, or use of such Confidential Information.

All Parties, persons, or non-parties obtaining, receiving, inspecting, examining or being given access to any Confidential Information in accordance with this Protective Order, (i) shall first agree to submit himself or herself to the jurisdiction of this Court for purposes of enforcing this Protective Order, and (ii) shall agree to be bound by this Protective Order.

Nothing herein shall preclude the Producing Party from using its own Confidential Information.

**5.     Use of Confidential Information in Depositions.**  Any Party shall have the right to use Confidential Information during depositions unless otherwise agreed to by the Parties in writing or on the record at the deposition.  To the extent a deponent (and/or any other person or non-party otherwise unauthorized to receive Confidential Information pursuant to Section 6) is present at the deposition, that third party deponent, person, and/or non-party shall be required to execute a copy of the form Attachment "A," affixed to this Protective Order, prior to dissemination or disclosure of any Discovery Materials designated "CONFIDENTIAL – Subject to Court Order."  Counsel for the affected Party may otherwise request that all individuals not qualified to obtain, receive, or be given access to Confidential Information under this Protective Order leave the deposition session during any portions where Confidential Information is used or referred to.  The failure of such other persons to comply with such requests shall constitute substantial justification for counsel to advise the witness that he or she need not answer the question pending.

At any deposition session, upon inquiry with regard to any Discovery Materials marked "CONFIDENTIAL – Subject to Court Order," or whenever counsel for a Party deems that the answer to a question may result in the disclosure of Confidential Information, the deposition (or portions thereof) may be designated by the affected Party as containing Confidential Information subject to the provisions of this Protective Order.  When such designation or marking has been made, the testimony of the transcript of such testimony shall be disclosed only to those Parties, persons, and/or non-parties as herein described in Section 6 and to the testifying third-party deponent, and the Confidential Information contained therein shall be used only as specified in this Protective Order.  All portions of deposition transcripts that relate to information protected by this Protective Order shall be kept confidential provided that those specific portions of the transcript are marked or designated as provided herein.  Moreover, all originals and copies of deposition transcripts that contain Confidential Information, and/or exhibits containing Discovery Materials designated or marked as "CONFIDENTIAL – Subject to Court Order," shall be prominently marked "CONFIDENTIAL—Subject to Court Order" on the cover thereof and, if and when filed with the Court, the portions of such transcript so designated shall not be made part of the public record and shall be filed under seal as required under Section 7 of this Protective Order.

Counsel must designate or mark portions of a deposition transcript, by page and line numbers, including any confidential exhibits attached thereto, as "CONFIDENTIAL—Subject to Court Order" within 30 days of receiving the transcript and corresponding exhibits. Designations or markings may be made by letter to counsel of record for the Parties or on the record during the deposition. Portions of deposition transcripts so designated or marked shall be treated as Confidential Information by the Parties as set forth herein. If all or a portion of a videotaped deposition is intended to be designated as "CONFIDENTIAL— Subject to Court Order," the videocassette, videotape, DVD, CD-ROM or other electronic medium storing or maintaining the deposition testimony shall be stamped or affixed "CONFIDENTIAL—Subject to Court Order." All copies of deposition transcripts that contain Confidential Information shall be prominently marked "CONFIDENTIAL—Subject to Court Order" on the cover thereof. During the 30-day review period provided herein, the entire deposition transcript, including exhibits, shall be treated as confidential. If no confidential designations are made within the 30-day period, the transcript shall be considered non-confidential unless later designated by a Party (subject to any other Party's right to challenge such untimely designation).

**6. Disclosure of Confidential Information.** Confidential Information produced pursuant to this Protective Order may be produced, disclosed or otherwise made available to the persons designated below:

    a. Retained counsel for the Parties (including attorneys associated with the law firm of counsel and the paralegal, clerical, and secretarial staff employed by such counsel);

    b. The Parties and their officers, directors, agents, representatives, and employees who are deemed reasonably necessary by counsel for the Parties to aid in the prosecution, defense, or settlement of this case;

    c. Independent investigators, experts and/or consultants (together with their clerical and secretarial staff) retained by counsel for a Party to assist in the prosecution, defense, or settlement of this case, but only to the extent reasonably necessary to perform their work in connection with this case;

d. Clerical and data processing personnel, including third party vendors, involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and review of Discovery Materials, but only to the extent reasonably necessary to assist a Party or its counsel in this case;

e. This Court, the jury, court personnel, court reporters, and any other court, tribunal or dispute resolution officer duly appointed, chosen or assigned in connection with this case;

f. Court reporters and videographers employed to record depositions or live testimony in this case;

g. A witness, person, or non-party (and his or her counsel) appearing at a deposition, hearing, or trial in this case for whom disclosure is reasonably necessary to the testimony of such witness, subject to the terms of Section 5;

h. Authors and/or recipients of the designated Confidential Information as well as persons who previously had access to such Confidential Information (provided that counsel for the Party seeking to disclose Confidential Information to such person first verifies that such person had access to such Confidential Information);

i. Any other person or non-party as to whom the Parties in writing agree or that the Court in this case designates; and

j. Any governmental agency or regulating authority to the extent disclosure is required by such governmental agency or regulatory authority or applicable law.

Any person or non-party to whom Confidential Information is disclosed or revealed pursuant to subparts (c), (d), (g) or (i) of this Section shall be given a copy of this Protective Order and advised as follows: (i) that the Confidential Information is being disclosed pursuant to an Order of the Court and agreement of the Parties; (ii) that the Confidential Information may not be disclosed or disseminated orally, or by any other means, by such person or non-party to any other person or non-party not permitted to have access to the Confidential Information pursuant to this Protective Order; (iii) that the Confidential Information may not be used except for the purposes of this lawsuit as provided in this Protective Order or by Order of the Court; (iv) that the Confidential Information must remain in that person or non-party's custody until returned to counsel from whom the

Confidential Information was received; and (v) that any violation of this Protective Order may result in the imposition of sanctions as the Court deems proper. Any person or non-party to whom Confidential Information is or will be disclosed pursuant to subparts (c), (d), (g) or (i) of this Section shall also be required to execute a copy of the form Attachment "A" affixed to this Protective Order prior to dissemination of Discovery Materials designated or marked "CONFIDENTIAL—Subject to Court Order."

Counsel providing Confidential Information to any person or non-party pursuant to subparts (c), (d), (g), or (i) of this Section shall retain copies of the executed form Attachment "A" and shall provide it to counsel for the Producing Party prior to the disclosure of the Confidential Information to the person or non-party pursuant to subparts (c), (d), (g), or (i) of this Section.

7. ~~**Filing of Confidential Information with the Court.** Any Confidential Information which is filed with the Court in any pleading, motion, brief or memorandum shall be filed and maintained under seal (or in redacted form) in strict compliance with Part VII of the Nevada Supreme Court Rules Governing Sealing and Redacting Court Records. The Party filing such Confidential Information shall concurrently file with such pleading, motion, brief or memorandum a Motion to Seal (or Redact) such pleading, motion, brief or memorandum. The Court shall determine what, if any, portions of the filing shall remain under seal. The filing must be placed in a sealed envelope bearing the title of the case and the notation:~~

[Stricken by the court. The parties shall comply with the requirements of LR IA 10-5.]

~~**THIS DOCUMENT CONTAINS CONFIDENTIAL INFORMATION COVERED BY A PROTECTIVE ORDER OF THE COURT AND IS SUBMITTED UNDER SEAL PURSUANT TO THAT PROTECTIVE ORDER. THE CONFIDENTIAL CONTENTS OF THIS DOCUMENT MAY NOT BE DISCLOSED WITHOUT EXPRESS ORDER OF THE COURT.**~~

~~All such sealed envelopes shall not be opened except for the sole use of the Court or its employees or as otherwise ordered by the Court. Further, all such sealed envelopes shall be maintained by the Clerk of the Court separate from public records in these actions and shall be released only upon further order of the Court; however, the same shall remain available to the Parties, counsel for the Parties, and all persons or non-parties entitled to receive Confidential Information pursuant to Section 5.~~

~~Upon failure of the filing or lodging Party properly to designate Confidential Information and file or lodge such material in accordance with this Protective Order, any other Party may do so after learning of the defective filing or lodging. Notice of such designation shall be given to all Parties. Nothing in this provision relieves a Party of liability for damages caused by failure to properly file such Confidential Information under seal. All such materials so filed shall be released from confidential treatment only upon further order of the Court.~~

**8.    Knowledge of Unauthorized Use or Possession of Confidential Information.**

The Receiving Party or its counsel shall immediately notify counsel for the Producing Party in writing if it learns of any unauthorized possession, knowledge, use or disclosure of any Confidential Information in any manner inconsistent with the terms of this Protective Order. The Receiving Party shall promptly furnish the Producing Party in writing with the full details of such unauthorized possession, knowledge, use or disclosure. With respect to such unauthorized possession, knowledge, use or disclosure, the Receiving Party shall assist the Producing Party in preventing its recurrence of and shall cooperate fully with the Producing Party in any litigation to prevent unauthorized use or further dissemination of Confidential Information. The Receiving Party (i) shall further use its best efforts to retrieve all copies of Confidential Information obtained by persons or non-parties not authorized to possess, know or otherwise receive Confidential Information under this Protective Order, (ii) shall provide such person or non-party with a copy of this Protective Order, and (iii) shall notify counsel for the Producing Party of the failure to retrieve any such information (if applicable).

**9.    Copies, Summaries or Abstracts.**  Confidential Information shall not be copied, reproduced, summarized, or abstracted, except to the extent that such copying, reproduction, summarization, or abstraction is reasonably necessary for the conduct of this case. All such copies, reproductions, summarizations, extractions and abstractions shall be subject to the terms of this Protective Order, and labeled in the same manner as the designated material on which they are based. Attorney-client communications and attorney work product regarding Confidential Information shall not be subject to this Section, regardless of whether they summarize, abstract, paraphrase, or otherwise reflect Confidential Information.

**10. Information Not Confidential.** The restrictions set forth in this Protective Order shall not be construed:

    a. To apply to information obtained by a Party from any non-party to this case having the right to disclose such information subsequent to the production of information by the Producing Party, subject to and in accordance with Section 11 herein; or

    b. To apply to information or other materials that have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of a Receiving Party; or

    c. To apply to information or other materials that, under law, have been declared to be in the public domain.

For purposes of this Protective Order, "tax returns" shall not be declared as information or other discovery material that is or has become part of the public domain, unless such tax returns have been made publicly available pursuant to state or federal law or otherwise have been voluntarily made publicly available by the taxpayer.

**11. Production of Confidential Information by Non-Parties.** Any Party who reasonably believes in good faith that any Discovery Materials produced by a non-party contain Confidential Information may, within 30 days of receipt thereof, designate the Discovery Materials (or portions thereof) as "CONFIDENTIAL—Subject to Court Order." Until this 30-day review period expires, the Parties shall treat all such Discovery Materials produced by a non-party as confidential. If no objections or confidential designations are made within the 30-day review period, the Discovery Materials shall be considered non-confidential unless subsequently marked or designated by a Party (subject to any other Party's right to challenge such untimely designation).

Nothing herein shall be construed as authorizing or encouraging a Party to disobey a lawful directive from this or another court or tribunal.

**12. Challenges to Confidentiality Designations.** If at any time counsel for the Receiving Party believes in good faith that counsel for the Producing Party has unreasonably designated certain Discovery Materials as containing Confidential Information, or believes in good faith that it is necessary to disclose Confidential Information to persons or non-parties other than

those permitted under Section 6 of this Protective Order, the Receiving Party may make an appropriate application to this Court requesting that the specific Discovery Materials be excluded from the provisions of this Protective Order or be made available to other persons or non-parties. Prior to seeking such relief from this Court, the Receiving Party shall first give the Producing Party notice in writing of the disputed Discovery Materials, with reference to specific Bates numbers, and the reason for the challenge (or why the other person or non-party should receive or be given access to such Confidential Information). The Producing Party (or non-party that produced such Discovery Materials) shall then respond in writing within 14 days, stating the reasons for the confidentiality designation and why the Discovery Materials should be treated as Confidential Information as provided herein (and/or not provided to the proposed other person or non-party to whom disclosure is requested by the Receiving Party). If the Producing Party refuses to remove the confidential designation or permit the requested disclosure to the person or non-party, counsel for the Parties shall then meet and confer to attempt to resolve the dispute informally before involving this Court. If the Parties are thereafter unable to amicably resolve the dispute, the disputing Party may apply by motion to the Court for a ruling as to whether the designated Discovery Material may, in accordance with the Protective Order, properly be treated as confidential, provided such motion is made within 30 days from the date on which the Parties, after good faith attempt, cannot resolve the dispute or such other time period as the Parties may agree. The disputing Party shall have the burden of proof on such motion to establish the impropriety of the confidentiality designation. The Parties shall negotiate in good faith before filing any motion relating to this Protective Order.

Until a motion is filed and resolved by this Court, all Discovery Materials designated as containing Confidential Information shall be treated as such in accordance with this Protective Order and only disclosed to those persons provided under Section 6. If no motion challenging the designation is made, the designation shall continue in full force and effect.

Unless a prompt challenge to a designation of any Discovery Materials as containing Confidential Information is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of this case, a Party does not waive its right to challenge a confidentiality designation by electing not to mount an objection promptly after

the original designation is made by a Producing Party or by a person or non-party permitted to receive or be given access to Confidential Information under Section 6 of this Protective Order. However, nothing in this Section shall preclude a Party to this Protective Order from objecting to another Party's challenge on the basis that the challenge was not made within a reasonable time and, therefore, waived.

**13. Use of Confidential Information in Court.** In the event that any Confidential Information is used or referenced in any pretrial proceeding in this case, it shall not lose its confidential status by and through such use, and the Party using or referring to such Confidential Information shall take all reasonable steps to maintain its confidentiality during such use or reference, including without limitation, requesting that the Court seal any transcript or portions thereof with respect to such proceeding in accordance with Part VII of the Nevada Supreme Court Rules Governing Sealing and Redacting Court Records.

Nothing in this Protective Order, or designations of confidentiality hereunder, shall in any way affect the treatment of Confidential Information at the trial of this action. Should the Producing Party desire that Confidential Information be treated as confidential at trial, the Producing Party must make an appropriate request to the Court for such treatment at the time set forth by this Court for consideration of motions *in limine* or at such other time as directed by the Court.

**14. Reservation of Rights.** The Parties hereby reserve the following rights:

a. Nothing in this Protective Order, nor the production or disclosure of any information or documents under the terms of this Protective Order, nor any proceedings pursuant to this Protective Order, shall be deemed or construed (i) to have the effect of an admission or a waiver by either Party of the confidentiality or non-confidentiality of any such Discovery Materials; (ii) to alter the confidentiality or the non-confidentiality of any such Discovery Materials; (iii) to alter any existing or pending obligation of any Party or the absence thereof; or (iv) to affect in any way the authenticity or admissibility of any document, testimony or other evidence at trial.

b. The entry of this Protective Order shall be without prejudice to the rights of the Parties, or any of them, or of any non-party, to seek additional or different protection for protected documents or information from the Court.

c. Each Party may object to the production, disclosure or use of any Discovery Materials that a Party designates as containing Confidential Information on any other grounds it deems appropriate, including, but not limited to, attorney-client privilege, work product, or any other privilege or protection provided under applicable law.

d. This Protective Order shall neither enlarge nor affect the proper scope of discovery in this case or any other litigation, nor shall this Protective Order be construed to suggest that protected documents or information subject to this Protective Order are discoverable, relevant or admissible in this case or any other litigation.

e. Nothing contained herein shall prejudice the right of any Party to object to the admissibility of Confidential Information subject to this Protective Order for any reason permissible under applicable state or federal law.

f. The Parties, by agreeing to this Protective Order, are not waiving any rights they have to obtain information or materials, in whatever form, through the discovery rules under state or federal law.

**15. Amendment.** Any Party for good cause shown may apply to this Court for modification of this Protective Order, or the Protective Order may be modified by consent of the Parties in writing (subject to approval by this Court).

**16. Return or Destruction of Confidential Information.** All documents and materials subject to this Protective Order shall be destroyed or surrendered to the Producing Party (or person or non-party who provided any Confidential Information) upon the conclusion of this case, including any appeal thereof. Upon such conclusion of this case, including any appeal thereof, counsel of record for the Receiving Party shall notify counsel of record for the Producing Party in writing of compliance with this Section. Counsel for the Receiving Party shall make a reasonable effort to retrieve any document or information subject to this Protective Order from any Party or non-party witness to whom such information has been given as permitted under Section 6, and shall notify counsel for the Producing Party of the failure to retrieve any such information (if applicable). Notwithstanding this provision, counsel for the Parties may keep a full and complete record of all documents generated as a result of this Litigation, including correspondence, handwritten notes, e-

mails, deposition and court transcripts, and documents filed with the Court so long as those documents are kept in a manner consistent with their confidentiality and subject to the terms of this Protective Order.

**17. Injunctive Relief Available.** Each Party acknowledges that monetary remedies may be inadequate to protect each Party in the case from unauthorized disclosure or use of Confidential Information and that injunctive relief may be appropriate to protect each Party's rights in the event there is any such unauthorized disclosure or use of Confidential Information, in addition to whatever relief may be available at law or in equity.

**18. Other Actions and Proceedings.** If the Receiving Party, or its counsel or expert, is served with a subpoena or other process by any court, administrative, or legislative body, or any other person or organization which calls for production of Confidential Information produced by another Party, the Party to whom the subpoena or other process is directed shall not, to the extent permitted by applicable law, provide or otherwise disclose such documents or information until 10 business days after notifying counsel for the Producing Party in writing of all of the following: (1) the information and documentation which is requested for production in the subpoena; (2) the date on which compliance with the subpoena is requested; (3) the location at which compliance with the subpoena is requested; (4) the identity of the party serving the subpoena; and (5) the case name, jurisdiction, and index, docket, complaint, charge, civil action, or other identification number or other designation identifying the litigation, administrative proceeding, or other proceeding in which the subpoena has been issued. The Party, counsel, or expert receiving the subpoena or other process shall cooperate with the Producing Party in any proceeding relating thereto.

**19. Order Survives Termination.** This Protective Order shall remain in full force and effect and each person subject to this Protective Order shall continue to be subject to the jurisdiction of this Court for the purposes of this Protective Order, and this Court shall not be divested of jurisdiction over any Party, person, or non-party or over the subject matter of this Protective Order by the occurrence of the conclusion of this case, or by the filing of a notice of appeal, or any other pleading which would have the effect of divesting this Court of jurisdiction over the matter generally.

**20. Compliance with Protective Order.** All counsel of record in this case shall comply with the terms of this Protective Order, and ensure that their clients, and the persons or non-parties receiving or being given access to Confidential Information pursuant to Section 6, similarly comply herewith. The Parties shall not utilize any portion of Confidential Information for their own personal or business advantage or gain, aside from purposes related to this case.

In the event of a change in counsel, new counsel shall agree in writing to be bound by and subject to the terms of this Protective Order.

**21. Miscellaneous.** When interpreting this Protective Order:

   a. The term "and" includes the term "or" and the term "or" includes the term "and";

   b. Defined terms shall have the meanings ascribed to such terms where used or defined;

   c. The paragraph headings are for convenience only and in no way limit or enlarge the scope or meaning of the language thereof; and

   d. The terms herein shall be construed as a whole according to their fair and ordinary meaning and not strictly for or against any Party.

DATED this 24th day of April, 2017.  DATED this 24th day of April, 2017.

**BAILEY✧KENNEDY**  **RANDAZZA LEGAL GROUP, PLLC**

By: /s/ Kelly B. Stout  By: /s/ Alex J. Shepard
    DENNIS L. KENNEDY      MARC J. RANDAZZA
    Nevada Bar No. 1462      Nevada Bar No. 12265
    KELLY B. STOUT      DR. GILL SPERLEIN
    Nevada Bar No. 12105      Admitted Pro Hac Vice
    8984 Spanish Ridge Avenue      ALEX J. SHEPARD
    Las Vegas, Nevada 89148-1302      Nevada Bar No. 13582
    Telephone: 702.562.8820      4035 South El Capital Way
    DKennedy@BaileyKennedy.com      Las Vegas, Nevada 89147
    KStout@BaileyKennedy.com      Telephone: 702.420.2001
        ecf@randazza.com

*Attorneys for Defendants*
LAS VEGAS-CLARK COUNTY  *Attorneys for Plaintiff*
LIBRARY DISTRICT  WILLIAM DEANS

**ORDER**

Based upon the above and foregoing Stipulation, and good cause appearing,

**IT IS HEREBY ORDERED** that the above Stipulated Confidentiality Agreement and Protective Order is GRANTED.

DATED this 1st day of May, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

Respectfully submitted by:

BAILEY❖KENNEDY

By: /s/ Kelly B. Stout
    DENNIS L. KENNEDY
    KELLY B. STOUT

*Attorneys for Defendant*
LAS VEGAS-CLARK COUNTY
LIBRARY DISTRICT

# FORM ATTACHMENT "A" – CONFIDENTIALITY AGREEMENT

I, _____, hereby attest to my Understanding that information or documents designated "CONFIDENTIAL – Subject to Court Order" are provided to me subject to the Stipulation and Protective Order Regarding Confidential Information dated _____ (the "Protective Order"), in *Deans v. Las Vegas Clark County Library District*, No. 2:16-cv-02405-APG-PAL, pending in the United States District Court, District of Nevada; that I have been given a copy of and have read the Protective Order, and that I agree to be bound by its terms. I also understand that my execution of this Confidentiality Agreement attached to the Protective Order, indicating my agreement to be bound by the Protective Order, is a prerequisite to my review of any information or documents designated as "CONFIDENTIAL – Subject to Court Order."

I further agree that I shall not disclose to others except in accord with the Protective Order, any confidential Discovery Material, in any form whatsoever, and that such confidential Discovery Material and the information contained therein may be used only for the purposes authorized by the Protective Order.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such Discovery Material and information will continue even after this litigation concludes.

I further agree and attest to my understanding that, if I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including contempt of court, for such failure. I agree to be subject to the jurisdiction of the United States District Court, District of Nevada, for the purposes of any proceedings relating to enforcement of the Protective Order.

I further agree to be bound by and comply with the terms of the Protective Order as soon as I sign this Agreement, whether or not the Protective Order has yet been entered as an Order of the Court.

DATED this \_\_\_\_ day of _____, 20_____.

_____
Name of Signer